UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARSHA TEITEL and
ARTHUR TEITEL, her husband,

    Plaintiffs,

v.                      CASE NO: 8:07-cv-1549-T-33MAP

HILTON GARDENS INN,
ALLEN INVESTMENTS, INC.,
trading as Hilton Gardens Inn,
W.G. MILLS, INC.,
KEITH PAYNE POOLS, INC., and
JOHN DOES NO. 1 through 10,

    Defendants.
_____/

KEITH PAYNE POOLS INC.,

    Defendant/
    Third Party Plaintiff,

v.

S.R. SMITH, L.L.C., S.R. SMITH
and SCP DISTRIBUTORS, L.L.C.,

    Third Party Defendants.
_____/

## ORDER

This cause comes before the Court pursuant to Third Party Defendant S.R. Smith LLC, S.R. Smith's Motion to Dismiss, or in the Alternative for a More Definite Statement, Motion to Strike Attorney's Fees Prayer (Doc. # 41). Defendant/Third Party Plaintiff filed a Memorandum of Law in Partial

Opposition thereto (Doc. # 46).

Defendant/Third Party Plaintiff filed a Third Party Complaint (Doc. # 35) alleging common law indemnity against Third Party Defendants in Count I and equitable subrogation in Count II. Third Party Defendants now move to dismiss both counts or, in the alternative, move for a more definite statement as to Count II.

Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990).

The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).

However, the Supreme Court explains that:

2

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citations omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

Common Law Indemnity

To state a claim for indemnity under Florida law, a plaintiff must allege that (1) the party seeking the indemnity is without fault; (2) the indemnity is only from the party at fault; and (3) there is a special relationship between the parties. Jones v. Jeld-Wen, Inc., 2008 WL 2699438, at *5 (S.D. Fla. June 30, 2008); Dade County Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 642 (Fla. 1999).

Third Party Defendant argues that no special relationship has been pled or exists between Defendant/Third Party Plaintiff and Third Party Defendant. This Court agrees that the Third Party Complaint fails to allege any relationship between the relevant parties. Accordingly, the

3

motion to dismiss is granted as to Count I without prejudice.

### Equitable Subrogation - Attorney's Fees

Third Party Defendant submits that Defendant/Third Party Plaintiff has failed to allege facts, such as the existence of a contract or statute, entitling it to the costs and attorney's fees pled in Count II. In addition, Third Party Defendant asserts that if something more than costs and attorney's fees is sought in Count II, the count is so vague or ambiguous that a responsive pleading cannot be prepared. Accordingly, Third Party Defendant moves this Court for an order directing a more definite statement with regard to Count II.

Defendant/Third Party Plaintiff responds that it withdraws that portion of its prayer for relief regarding attorney's fees. Accordingly, the prayer for attorney's fees is stricken. In addition, this Court agrees that Count II is poorly pled, and Third Party Defendant is entitled to a more definite statement. Accordingly, the motion to dismiss or for more definite statement is granted as to Count II without prejudice.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Third Party Defendant S.R. Smith LLC, S.R. Smith's Motion to Dismiss, or in the Alternative for a More Definite Statement, Motion to Strike Attorney's Fees Prayer (Doc. # 41) is **GRANTED** as to Count I and Count II without prejudice and with leave to re-file, and the prayer for attorney's fees in Count II is stricken. Defendant/Third Party Plaintiff shall file its amended Third Party Complaint by September 22, 2009.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of September, 2009.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

5